IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRAVIS ROBERTSON,
*Plaintiff*,

v.

EDWARD FOSTER, et al.
*Defendants*.

Civil Action No. ELH-16-3610

**MEMORANDUM**

Travis Robertson, the self-represented plaintiff, has filed suit against Edward Foster, a security officer; the Enoch Pratt Free Library; and the City of Baltimore (collectively, "defendants"). ECF 1. Robertson asserts claims for "constitutional rights violations"; "ADA compliance violations"; and "civil rights violations" based on the alleged actions of Mr. Foster. ECF 1 at 4, 6.[1] Robertson also appears to assert claims under 18 U.S.C. §§ 241 and 242. *See id.* at 6. On the civil cover sheet (ECF 1-1), plaintiff indicates that he is pursuing a claim under the First Amendment, although he does not refer to the First Amendment in the text of his Complaint. *See* ECF 1. And, in the "Relief" section of the Complaint form, Robertson references claims for false arrest and false imprisonment. ECF 1 at 7. However, he does not otherwise mention such claims.[2]

Robertson states under the "Amount in Controversy" section of the Complaint form that he is "suing for $275,000 . . . ." ECF 1 at 5. However, under the "Relief" section of the Complaint form, Robertson states, *id.* at 7: "The total lawsuit amount is $100,000."

---

[1] On the form "Complaint for a Civil Case", Robertson indicates that he has filed suit pursuant to the Court's federal question jurisdiction. *Id.* at 4; *see* 28 U.S.C. § 1332.

[2] Because the State law claims are only mentioned in the "Relief" section, I have not addressed them. However, plaintiff may include such claims in an amended complaint.

Now pending is defendants' motion to dismiss (ECF 6), which is supported by a memorandum of law.  ECF 6-1 (collectively, "Motion").  The Motion seeks dismissal of the case based on a lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF 6.  Robertson has responded in opposition.  ECF 9 ("Opposition").  Defendants did not reply, and the time to do so has expired. *See* docket; Local Rule 105.2.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

## I.      Factual Background[3]

Robertson asserts that he is "filing this Complaint and law suit today because [he has] observed several violation [sic] such as constitutional violation & ADA compliance violations." ECF 1 at 6.  Robertson also contends, *id.*: "The officer don't know how to deal with those who are mentally ill and those who are mentally disable. I have spoken to many young women and men who have been harassed by Mr. Edward Foster . . . ."

According to Robertson, on October 31, 2016, he was "criminally harassed" by Foster when Foster asked Robertson to leave the Enoch Pratt Free Library ("Pratt Library"), claiming that Robertson was causing a disruption.  *Id.*  It is common knowledge that the Pratt Library has a main location in Baltimore and many branch locations throughout the City.  But, plaintiff does not specify the location of the incident.  In any event, Robertson claims that he refused to leave and called for "a Baltimore City Police Office and a senior supervisor" to assist him.  *Id.*  As a

---

[3] Given the procedural posture of this case, I accept as true the facts alleged in the Complaint.  The Court is also mindful of its obligation to construe liberally the pleadings of a *pro se* litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

result, Foster "got mad at [him] calling the police [and] knocked the phone out of [his] hand . . . ." *Id.* According to Robertson, Foster and another security guard then placed him in handcuffs and banned him from the Pratt Library, in "retaliation" for his complaints. *Id.*

## II.    Rule 12(b)(1)

Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc.*, 22 F. Supp. 3d at 524. In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Here, defendants assert a facial

challenge to subject matter jurisdiction, arguing that plaintiff has failed to plead the existence of jurisdiction.

Construing the Complaint liberally, plaintiff has met his burden of establishing subject matter jurisdiction. Plaintiff has asserted claims that appear to arise under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331. Therefore, plaintiff has met his initial burden of proving the existence of subject-matter jurisdiction. To the extent that

### III.     Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed

factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff

is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them.  *Twombly*, 550 U.S. at 555–56 (2007).

In their Motion, defendants argue that the Complaint should be dismissed under Rule 12(b)(6) because "[t]he Complaint simply makes passing references to the First Amendment, ADA, and 18 U.S.C. §241-242, without an allegation that Plaintiff, or the class he purports to represent, is disabled within the meaning of the ADA . . . ."  ECF 6-2 at 3.  In his Opposition, Robertson states, ECF 9 at 1: "The US District Court . . . is the correct court to bring an [sic] case for an [sic] violation of constitutional rights and Federal laws Title 18."  Robertson adds: "I have a right to file litigation against an employee of an [sic] city agency.  I have the right to sue the agency and the City the employee woks for . . . ."  *Id.*

Fed. R. Civ. P. 8(a) is pertinent.  It provides, *id.*:

**Claim for Relief.**  A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, *whether the*

*complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel.'" *Rush v. Am. Home Mortg.*, Inc., WMN-07-854, 2009 WL 4728971, at *4 (D. Md. Dec. 3, 2009) (emphasis added) (quoting *North Carolina v. McGuirt*, 114 Fed. App'x. 555, 558 (4th Cir. 2004) (per curiam)) (internal citations omitted).  A court may properly dismiss a complaint under Rule 12(b)(6) for failure to comport with Rule 8(a) if the complaint "does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *McGuirt*, 114 Fed. App'x at 559.

In granting a motion to dismiss a complaint brought by a self-represented plaintiff, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield,* 184 F.R.D. 553, 555 (D. Md. 1999) (quoting *Charles A. Wright & Arthur R. Miller,* 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law,* 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley,* No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed the case, *sua sponte*, and explained, *id.* at *1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to

illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. See *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

In my view, dismissal pursuant to Rule 12(b)(6) is appropriate because the Complaint fails to comport with the requirements of Rule 8(a).  Plaintiff advances wholly vague claims of "constitutional rights violations"; "ADA compliance violations"; "civil rights violations"; and violations of 18 U.S.C. §§ 241 and 242.  ECF 1 at 4, 6.

With respect to plaintiff's claim of constitutional rights violations, plaintiff does not specify which constitutional rights were violated or how defendants violated those rights.  *See* ECF 1.  Likewise, as to plaintiff's claim for civil rights violations, he does not state which civil rights were violated or the conduct that underlies the alleged violation.  *See id.*  In other words, as to his claims for constitutional rights violations and civil rights violations, plaintiff has failed to provide "a short and plain statement of the claim[s] showing that [he] is entitled to relief."  *See id.*; *see* Fed. R. Civ. P. 8(a)(2).  Accordingly, plaintiff has not provided defendants with "fair notice" of the federal claims against them and the "grounds" entitling him to relief.  *Twombly*, 550 U.S. at 555-56.

Moreover, plaintiff's claim under the Americans with Disabilities Act of 1990 ("ADA") is similarly defective.  The ADA, *as amended*, 42 U.S.C. §§ 12101, *et seq.*, was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  *Id.* § 12101(b)(2). "The [ADA] prohibits discrimination against persons with disabilities in three major areas of public life: employment, under Title I, 42 U.S.C. §§ 12111–12117; public

services, under Title II, 42 U.S.C. §§ 12131–12165; and public accommodations, under Title III, 42 U.S.C. §§ 12182–12189." *A Helping Hand, LLC v. Baltimore County, Md.,* 515 F.3d 356, 361 (4th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004)).

Presumably, Robertson brings his ADA claim under Title III of the ADA.  It provides, in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  Under the ADA, disability is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))."  *Id.* § 12102(1).  Discrimination is defined as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ."  *Id.* § 12182(b)(2)(A)(ii).  And, libraries are specifically enumerated as public accommodations that are covered by the ADA.  *Id.* § 12181(7)(H).

To state a claim under Title III, a plaintiff must allege: "(1) that [he] is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against [him] by denying [him] a full and equal opportunity to enjoy services provided at such place of public accommodation."  *Blue v. Cumberland Cty.*, No. 5:14-CV-86-FL, 2015 WL 164722, at *2 (E.D.N.C. Jan. 13, 2015) (citing, *inter alia*, 42 U.S.C. § 12182(a) and *Camarillo v. Carrots Corp.,* 518 F.3d 153, 156 (2d Cir. 2008)).

Robertson has failed to assert any allegations pertaining to the first or third elements of a Title III claim under the ADA.  He does not assert that he is disabled within the meaning of the ADA, nor does he allege that defendants denied him "a full and equal opportunity" to enjoy the services of the library.  And, if plaintiff seeks to file suit on behalf of others, he has not set forth a basis that permits him to do so.  *See A Helping Hand*, 515 F.3d at 363 n.3.  Accordingly, plaintiff has failed to state a claim for a violation of Title III of the ADA.

Finally, it appears that plaintiff also asserts claims under 18 U.S.C. §§ 241 and 242. Section 241 is titled "Conspiracy against rights."  It provides:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured–

> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Section 242 of 18 U.S.C. is titled "Deprivation of rights under color of law."  It provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated

sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

However, those statutes are criminal in nature. It is well established that there is no private right of action to pursue claims under federal criminal statutes. *See, e.g.*, *United States v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed [plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [plaintiff] has no private right of action under either of these criminal statutes."); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) ("[D]efendants argue correctly that plaintiffs' reliance on 18 U.S.C. § 241 and § 242 as the jurisdictional basis of their claim . . . fails as a matter of law since those federal criminal statutes do not create a private right of action."); *see also Alexander v. Hendrix*, RDB-14-2666, 2015 WL 3464145, at *3 (D. Md. May 29, 2015) (finding no private cause of action for statues that are "criminal in nature"). Thus, dismissal with prejudice as to plaintiff's claims under 18 U.S.C. §§ 241 and 242 is appropriate.

## IV.   Conclusion

In sum, Robertson has failed to comply with the requirements of Fed. R. Civ. P. 8(a) or to otherwise state a claim upon which relief may be granted. Accordingly, I shall dismiss *without prejudice* Robertson's claims for constitutional violations, civil rights violations, and violations of the ADA. However, to the extent that Robertson asserts claims under 18 U.S.C. §§ 241 or 242, I shall dismiss those claims *with prejudice*, as there is no private right of action to enforce those statutes. Robertson shall be granted leave to amend, as set forth in the Order that follows.

Date:   March 23, 2017                                    _____/s/_____
                                                         Ellen Lipton Hollander
                                                         United States District Judge